RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08/10/05
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN WALKER<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV03-0044-A |
| VERSUS | |
| PAMELA HORNE,<br>　　　Defendant | JUDGE F.A. LITTLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Calvin Walker ("Walker"). Walker claims that, while he was incarcerated in the Winn Correctional Center ("WCC") in Winnfield, Louisiana in 2002, some of his belongings were stolen by guards. On recommendation of the undersigned Magistrate Judge (Doc. Item 11), that civil rights complaint was dismissed with prejudice as frivolous by the court (Doc. Item 12), Walker's appeal was denied (Doc. Item 17), and the Fifth Circuit Court of Appeals has barred Walker from filing any further actions in forma pauperis while he is incarcerated, unless he is in imminent danger of serious physical injury (Doc. Item 17).

Walker filed a "motion to vacate judgment and order to dismiss due process violation claim" due to an "unforeseen development of the state" (Doc. Item 18). Since Walker's motion was filed outside of the time period for Fed.R.Civ.P. rule 59(e), it will be

construed pursuant to Fed.R.Civ.P. rule 60(b)(6)("...any other reason justifying relief from the operation of the judgment.").[1]

Walker contends that, after his case in this court was dismissed, the state court dismissed his claim because he was unable to pay a filing fee. Walker argues there are no state court remedies available to him now, due to his inability to pay the state court filing fee, so the judgment dismissing his Section 1983 suit as frivolous should be reversed and the case reopened pursuant to Rule 60(b)(6).

Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for "any ... reason justifying relief" other than a ground covered by clauses (b)(1) through (b)(5) of the rule. The Fifth Circuit Court of Appeals views Rule 60(b)(6) as a residual or catchall provision to accomplish justice under exceptional circumstances. Edwin H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357

---

[1] A motion for reconsideration must be based either upon Federal Rule of Civil Procedure 59(e), providing for a motion to alter or amend judgment, or upon Rule 60(b), providing for a motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). Both rules have been interpreted to allow reconsideration on specific grounds and a party may not simply rehash arguments made during the original consideration of the motion nor assert new arguments that could have been made at the time of the original filings on the point. See Lavespere, 910 F.2d at 173; Waltman v. International Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989). Which rule governs a "motion for reconsideration" depends upon the time at which the motion is filed and served: "[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Waltman, 875 F.2d at 473-74.

2

(5th Cir. 1993). The United States Supreme Court has held that for relief from judgment under Rule 60(b)(6) to be granted, "extraordinary circumstances" must be present.[2] Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion, by basing its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005), and cases cited therein. The Fifth Circuit has consistently held that the relief under Rule 60(b) is considered an extraordinary remedy, and the desire for a judicial process that is predictable mandates caution in reopening judgments. In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005), and cases cited therein.

In the case at bar, Walker contends his Section 1983 action should be re-opened because he is unable to pay the state court filing fee in order to pursue his state tort claims. An inability

---

[2] For example, a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment. U.S. ex rel. Garibaldi v. Orleans Parish School Bd., 397 F.3d 334, 337 (5th Cir. 2005), pet. for cert. filed, 73 U.S.L.W. 3650 (U.S. April 15, 2005).

3

to pay the state court filing fee is not a "reason justifying relief from the operation of the judgment." As noted above, the Fifth Circuit has also barred Walker from filing any further pleadings in forma pauperis while he is an inmate.

Moreover, this court found Walker had not stated a constitutional claim cognizable under Section 1983, as discussed extensively in the first Report and Recommendation ("jurisprudence makes is abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under § 1983") (Doc. Item 10). Therefore, regardless of the availability of Walker's state court remedies, Walker is not entitled to the relief pursuant to Section 1983. Therefore, there are no extraordinary circumstances warranting Rule 60 relief in this case.

Walker's Rule 60(b)(6) motion should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Walker's Rule 60(b)(6) motion be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE