UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN WALKER | CIVIL ACTION NO. 03-0044 |
| -vs- | JUDGE LITTLE |
| PAMELA HORNE | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the motion under FED. R. CIV. P. 60(b)(6), brought by *pro se* prisoner Plaintiff Calvin Walker ("Walker"), proceeding *in forma pauperis* against Defendant Pamela Horne, be denied. Walker timely filed objections to this recommendation on 12 August 2005. After full record review, this court accepts the findings and recommendations of the magistrate as correct but wishes to clarify its reasoning.

Walker filed an action under 42 U.S.C. § 1983 on 9 January 2003, alleging various constitutional violations related to the alleged confiscation of his wedding ring and watch by prison officials. This court dismissed this claim with prejudice on 26 February 2004 on the ground that Walker had failed to exhaust his state remedies as required by the Prison Litigation Reform Act. Walker appealed and the Court of Appeals affirmed this court's decision on 18 September 2004.

Walker now seeks to vacate the prior judgment on the ground that he cannot afford

the state court filing fee and therefore cannot pursue his state law remedies. Walker attempts to style this argument as a procedural due process violation, claiming in essence that the state court filing fee requirement violates his constitutional rights by denying him an opportunity to be heard.

In its ruling, the Fifth Circuit barred Walker from proceeding *in forma pauperis* during his incarceration in the absence of an immediate risk of serious physical harm under the "three strikes" provision contained in 28 U.S.C. § 1915(g). Walker v. Horne, No. 04-30287. This statute bars prisoners from proceeding *in forma pauperis* if they have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). As noted above, there is an exception for "imminent danger of physical injury." Id.

In apparent violation of the Fifth Circuit's ruling and 28 U.S.C. § 1915(g), Walker seems to have filed an application to proceed *in forma pauperis* in state court, leading to the motion at issue here. The state court signed a pauper order on 21 April 2005. The pauper order, attached to Walker's motion, indicates that he is permitted to pay the filing fee over time through withdrawals from his prison account. This order, however, does impose a stay on the proceeding until this fee is paid. Walker argues that the delay from this stay will prejudice his case.

In Carson v. Johnson, the Fifth Circuit stated that in spite of the potential for such a delay, 28 U.S.C. § 1915(g) is constitutional. 112 F.3d 818, 821 (5th Cir. 1997). The Fifth

Circuit later observed in Banos v. O'Guin that 28 U.S.C. § 1915(g) remains constitutional even when its application creates a delay such that the plaintiff cannot comply with the relevant statutes of limitation or time limits for filing an appeal. 144 F.3d 883, 885 n.1 (5th Cir. 1998). Walker's claim that his inability to pay the filing fee violates his constitutional rights, therefore, is without merit.

Accordingly, Walker's motion is DENIED.

Alexandria, Louisiana

29 September 2005

---

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE